Morgan, J.
Appeal by the plaintiff, the County Judge of Teller Count)', from a judgment against him in his action against the defendant, Board of County Commissioners, for $680, which he paid from his personal funds, to -his stenographer, and for which the board has refused to reimburse him.
The action arose out of a misunderstanding between the County Judge and the board concerning- the employment of a stenographer for the County Court, and payment for his. servie'es. No question was raised in the lower court as to the right of the County Judge to sue without an assignment from the stenographer.
The statute, secs. 1562, 3 and 4, Rev. St. 1903, provides, that the County Judge may appoint a stenographer, “When in the opinion of the County Commissioners it shall be expedient or necessary;” and that “the board shall pass a reso-lution to that effect and certify the same to the County Judge,” who may thereupon appoint a stenographer; and that “such reporter shall receive for his services such pay as the Board of County Commissioners may fix, to be paid from the treasury of the county, not exceeding ten dollars per diem, for reducing the testimony to shorthand,' and not exceeding fifteen Cents per folio of one hundred words, for making transcripts in long hand', when so directed by the court.”
The commissioners passed the following resolution, January 10, 1905, about the time the County Judge assumed the duties of his office:
“Resolved, by the Board of County Commissioners, that it is expedient and necessary for .the orderly and proper *141 transaction of the business of the County Court, to appoint and employ a shorthand reporter for the said County Court, who may also be appointed a deputy clerk of said court.
“Be it further resolved, that such reporter and deputy clerk shall receive for his services a salary not exceeding- one hundred dollars per month, to be paid out of any funds belonging to the county judge fee fund.”
No- question was raised as to the fixing of the salary at not exceeding one hundred dollars a month, instead of “not exceeding ten dollars,” etc., as the statute requires.
There is a conflict in the testimony, and a well defined dispute concerning the meaning, purpose and legal effect of the Concluding clause of the resolution, “to be paid out of any funds belonging to the county judge fee fund,” and the intention of the parties regarding the same. The County Judge contends that the concluding clause is- mere surplusage and void, and that the intention was that the fees of his office should be used as far as they would suffice, to pay the stenographer, merely as. a convenience, and not an absolute limitation as to payment. The county commissioners contend that the purpose of the Clause was to limit the payment of the stenographer to such time and service as the fees of'the County Judge’s office would pay for, that is, funds derived from his office, over and above the salary of the judge and his clerk of the County Court; and that his services were to be discontinued when such fees were insufficient, and that such was the intention.
It is undisputed that the resolution was adopted as above set forth; that the stenographer was appointed and was paid by the County Judge, out of the fees of h-is office, for 1905 and a portion of 1906; that at the close of the year 1906, the County Judge ascertained that out of his personal funds he had paid the stenographer $680 more than the fees provided. Both parties concede that the board followed the requirements of the statute,! except as to the concluding clause, aforesaid. The appellant contends that the concluding clause is *142 in violation of the statute, and cannot legally be relied upon by the board, as a defense against payment out of the county treasury of the $68o which the fees of the County Judge failed to meet, and which he paid, himself, to' the stenographer, for services actually performed at the salary fixed by the board. The appellee contends, among other defenses, that the board had! the power to so limit the compensation, and the services of the stenographer, by requiring- payment out of the county judge fee fund, only, and that by said resolution the board legally and effectually so limited such compensation and services, and that the appellant is bound thereby.
As the statute gave the board exclusive authority in reference to the employment and compensation of the stenographer, and provided! that such authority should be exercised by the adoption of a resolution, the parties are bound by that resolution, at least, by all valid parts thereof. Therefore, it is only necessary to determine whether the resolution- is valid in its entirety. While it was irregular for the board to permit the County Judge to pay the stenographer for his services out of the fees of his office, yet such manner of payment is not in controversy here. Under the decision in the case of Airy v. The People, 21 Colo. 144, 40 Pad 362, all fees received in excess of his own and! his Clerk’s salary should be turned over to the county. Such excees fees thereafter belong to the county, and become a part of the general county fund. Sec. 2554 Rev. St. 1908. The proper way would have been for the County Judge to turn over to the County the excess fees, and let the claim for the stenographer’s services be filed with the board for allowance, so that the board could pay the spme to' the stenographer by warrant on the general fund. Such irregularity, however, was not authorized! by the resolution, but indulg'ed in by both parties after the resolution was adopted, and for this reason it does not materially affect the controversy here. The resolution simply provided that the stenographer was to be paid out of that part of the general fund derived from the county judg'e fee fund to which the *143 county was entitled. So, if the stenographer’s claim had: been regularly filed, the board, in accordance with the resolution, would have allowed and paid it, so- long as there was any excess from the fees of the County Judge’s office belonging tO' the county to pay it with; and when the claim, which the County Judge now seeks to recover, was filed with the board, it was disallowed under the terms of the resolution, because no money was in the general fund derived from the county judge fee fund. Hence, it follows that the only question to be answered, here, is, did the board have the power to provide that the stenographer should be employed and paid for his services only so long as such fees were sufficient to meet the same. That the board so> intended seems plain from the words of the resolution, and the court so found upon the conflicting testimony introduced to show the intention.
It is concluded that, as the statute gave the board full and exclusive power in the premises, it could lawfully limit the services and the compensation of the stenographer to such extent, only, as the money derived from the fees of the County Judge’s office would provide payment. Such limitation was for the protection of the county, and it was reasonable, because, the decrease in such fees would reasonably lessen the expediency and necessity for such services. It is therefore held that, as to the contention here, the resolution was valid in its entirety; that the parties were bound by it; and: that the payment of the $680 by the County Judge was wholly voluntary and cannot be recovered. To' hold that such payment could now be recovered, would be equivalent to holding that the county could be required to- pay for the services of a stenographer for the County Court not authorized by the Board of County Commissioners.
Our attention has been Called to but two authorities to support the contention of the plaintiff — Airy v. The People, supra, and Blanchard v. Chaffee County, 15 Colo. App. 410, 62 Pac. 579; but there is nothing in either of these cases supporting plaintiff’s contention. It is true, in the Blanchard *144 case, the court held! that warrants, drawn on the “sheriff’s fee fund” were illegal, because, under the decision in the Airy case, they were not “drawn against any legal fund;” and that the court further held that suc'h warrants, though void, were “evidences of indebtedness,” that could be sued upon; nevertheless, the board did! not have fuff and exclusive power over the employment .and payment of the sheriff and his claims for mileage in that case, as it had over the employment and .payment of the stenographer in the present case; the words “sheriff’s fee fund” in that case were used in the warrants after-allowance of the claims, while, in this case, the words, “county judge fee fund,” were used in the resolution to limit the payment and the employment of the stenographer.

Judgment Affirmed.